Judge Lane
delivered the opinion of the court:
That a bill for an account may be sustained between executors, or between a surviving executor and the representative of a deceased executor, is a plain consequence of their relation as joint tenants. The jurisdiction of a court of chancery, for the settlement of decedents’ estates, has.been sustained, at the instance of creditors, before judgment, because it is a trust. 6 Ohio, 112; 6 Johns. Ch. 631. Eor these objects, therefore, the plaintiff is entitled to a reference to the master.
Some of the other points argued, do not properly arise in this stage of the cause. Proof of indebtedness must be made to the master; all questions relating to the order of' marshaling assets will be presented by his report. As other matters have been argued, and must be determined in the progress of the case, it is convenient to settle them now.
The administrator of C. Stiver, jr., not contesting his liability to account with the creditors of his decedent tor all assets in his hands, insists, that the money arising from the sale of the land being produced from the realty, by the aid of those holding the legal title, without the license or authority from the court of probate, was not received by him in his representative character, but as the agent of the owners, and that, consequently, it can not be regarded as assets; but the law makes it his duty to convert the realty into the means of payment of debts, and no collusion *226 will be permitted between him and the heirs, or between him and the trustee of the legal title, by which it can be withdrawn from the fund. It may justly be presumed, that the parties intended nothing more than to raise money for the payment of the debts by sale of the land, without the expense or delay of judicial proceedings. In the agreement filed, the parties making it are described to be the heirs of Caspar Stiver, jr., and John Stiver, his administrator. If creditors, for whose benefit such a *sale ought to have been made, choose to affirm it, it is too late for John Stiver to evade his responsibilities by disclaiming the character in which he acted.
Holdrye claims protection, as a purchaser, for a valuable consideration, without notice. The evidence does notsustain his claim. He knew of the existence of the bond for reconveyance from Swartzley before his purchase, and he dealt with John Stiver, and paid him his part of the money as administrator, entitled to the fruits of the sale.
Holdrye further claims, that the payments made by him to John Stiver, being in fulfillment of a contract, with which Stiver is chargeable as assets, should avail him as valid payments, and discharge the land ifom the lien of the decedent’s'debts.
The purchaser of lands of a decedent at a judicial sale of an administrator, holds it discharged of liens for debts, 6 Ohio, pt. 1, p. 70; because the administrator, to secure those for whom he acts, gives a bond, whose amount is fixed with reference to the amount of assets he is likely to receive ; and the court, which confers the power to sell, may require adequate security; the protection of such a purchaser is the steady policy of the law. But heirs, holding land of their ancestor, hold it subject to his debts; a purchaser from them takes the incumbrance with the title, 3 Mass. 540; 4 Ib. 354; 5 Ib. 242; 6 Ib. 151; 6 Ohio, 237; and no circuity of conveyance, no collusion or management among the holders of the interests, will free the-land from this burden, or clothe such a conveyance with the immunities attending a sale, made under the sanction of the court.
Since, then, the land was acquired by Holdrye with a knowledge of the interest of the decedent, he will hold it chargeable with his debts, if it be nepessary to pay them. It does not follow, that the land must be resold; it is one of the advantages of a recurrence to equity, that its decrees may be modified according to cir *227 oumstances. If the land produced its full value, the holder may be holden to the application of the purchase money; but the court will lend a facile ear to suggestions of ill faith, collusion, and fraud, and may direct a resale in all cases, at the instance of creditors, for a higher price.
. The first recurrence, however, of creditors, of an estate, is against "the personal representative. If satisfaction can be had there, it is unnecessary to reach over beyond them. The case is referred to .a master, under the usual order, to take an account, and all further questions are reserved until the hearing.