## LANE *v.* THOMPSON.

The administrator of an estate administered as insolvent can not maintain trespass *quare clausum fregit* for acts done upon the real estate of the intestate, after the intestate's death, but before the estate was decreed to be administered as insolvent.

TRESPASS for breaking and entering, on divers days between the first day of January, 1840, and September 30, 1859, the date of the plaintiff's writ, upon a certain lot of land in Swanzey and Richmond, alleged to be the estate of one Lucy Holbrook, deceased, on whose estate the plaintiff is administrator, and cutting down, and conveying away, and converting to his own use, certain pine trees and saplings there growing, belonging to the estate of said deceased; and a count for taking and carrying away the same as the property of the administrator.

Upon plea of general issue and the statute of limitations, it appeared that Lucy Holbrook was the owner of the premises described in the plaintiff's writ, at the time of her death, in 1836; that the plaintiff was duly appointed administrator on her estate on the 15th day of February, 1859, and on the 15th day of March, 1859, the said estate was decreed to be administered as an insolvent estate, and a commissioner appointed to allow the claims of creditors.

The plaintiff offered evidence that in the years 1858 and 1859, and prior to the 13th day of January, 1859, the defendant entered upon the premises in question, and there cut and carried away certain sapling pine trees, and converted the same to his own use. To the admission of this evidence the defendant objected, but it was admitted by the court, and the defendant excepted.

The court instructed the jury that the administrator, the plaintiff, was entitled to recover for trespass done to the real estate of the deceased, prior to the decree of insolvency, and before the grant of administration upon the estate; to which the defendant excepted.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial by reason of said exceptions.

*Wheeler & Faulkner,* for the defendant.

*Lane,* for the plaintiff, referred to Comp. Stat., 411, sec. 19; 2 Greenl. Ev., sec. 339; 1 Saund. Pl. and Ev. 1113–15.

BARTLETT, J.   Upon the death of Lucy Holbrook, her real estate descended to her heirs, subject to the statutory liability to sale for the payment of her debts, and to the administrator's right to take the rents and profits if the estate should be insolvent. *Bean* v. *Moulton,* 5 N. H. 451.   They could maintain trespass *quare clausum,* before entry. *Dexter* v. *Sullivan,* 34 N. H. 480.   There is, therefore, no necessity for the maintenance of this action by the administrator for want of other remedy.   At the date of the alleged trespass the plaintiff had no actual possession of the premises, and the right of possession was in the heirs unless it was taken from them by the provisions of our statutes in relation to insolvent estates.   In case an estate is insolvent, the administrator is to receive the rents and profits of the real estate, keep it in repair, and account for the net proceeds thereof.   Rev. Stat., ch. 159, sec. 10.   He may maintain all actions necessary and proper to be brought in relation to such real estate.   Rev. Stat., ch. 161, sec. 19.   This is in substance but a revision of the act of 1829.   (Stat. 1830, page 370.)   *Bergin* v. *McFarland,* 26 N. H. 537.   By that statute the law as to the powers and duties of administrators in relation to the real estate of the intestate, was altered in cases of estates administered as insolvent. Until an estate is so administered, these powers and duties do not arise.   The estate must, meanwhile, be in the heirs (see *Kelley* v. *Kelley,* 41 N. H. 502), and the practical inconvenience of holding that they could maintain no actions for trespasses upon it, until a decision that the estate was not to be administered as insolvent, by the close of administration, would be too great to allow an inference of such a prohibition, in the absence of any thing expressly indicating such an intention of the legislature.   The fact that the administrator subsequently took rightful possession of the premises, if it exist, would not defeat the right of action in the heirs. *Cutts* v. *Spring,* 15 Mass. 135; 2 Hill. on Torts 3, 4; *Barnstable* v. *Thacher,* 3 Met. 43; *Lyford's Case,* 11 Rep. 516.   As the statute

does not take away from the heirs the right of possession until a decree that the estate be administered as insolvent, the administrator had no right of possession at the time of the acts complained of. *Webb* v. *Fox*, 7 T. R. 396 ; 2 Hill. on Torts 2, note. Whether for any purpose the plaintiff's title related back, we need not inquire, as it did not so relate as to give him the right of possession before the decree. *Preswell* v. *Ramsour*, 8 Ired. 505 ; 2 Hill. on Torts 43.

In *Goodwin* v. *Milton*, 25 N. H. 474, and in *Plummer* v. *Plummer*, 30 N. H. 566, language is used that, taken by itself, might seem inconsistent with these views ; but an examination of the cases will show that it was not intended as a statement of a general legal proposition, but as mere commentary upon the ultimate effect of actual insolvency. Neither in the provision authorizing the administrator, in case of insolvency, to maintain necessary and proper actions in relation to the real estate, as it exists in the Revised Statutes or as it was originally enacted in 1829, nor in any of the statutory provisions do we find any thing that enables an administrator to maintain trespass *quare clausum fregit*, for acts done upon the real estate at a time when he had neither actual nor constructive possession. What remedies, if any, and whether in his own name or that of others, there may be for the administrator in such a case, we are not now called upon to determine. The verdict must be set aside and a

*New trial granted.*