Sullivan
No. 6936
Sullivan County Probate Court
No. 6991

HELENA C. FLEMING, JANE N. LOUVIERE

v.

CHARLES LOWE AIKEN, SR.

October 31, 1974

*Emile R. Bussiere* and *Kenneth R. McHugh (Mr. McHugh* orally) for the plaintiffs.

*Buckley & Zopf* for the defendant, filed no brief.

GRIFFITH, J. These are two cases, one pending in the superior court and one in the probate court, both primarily concerned with the dispute of two sisters with their brother over title to sixteen acres of land with the buildings thereon located in Sunapee on Great Island in Sunapee Lake. The property was owned by the late father of the plaintiffs and

688

the defendant, Herrick Aiken, who died December 15, 1940. A bill in equity brought by the plaintiffs was dismissed by the Trial Court (*Dunfey*, J.) on its own motion based upon lack of jurisdiction of the superior court in the subject matter. Plaintiffs' exception to the dismissal was reserved and transferred by the trial court. Subsequent to the entry of the bill in equity defendant in his capacity as executor of the estate of Herrick Aiken and as guardian of both plaintiffs filed accounts in the probate court. Plaintiffs then filed a motion in the probate court seeking the relief they had sought in their bill in equity in the superior court. The Probate Court (*Slattery*, J.) transferred without ruling the question of its jurisdiction to determine the issue raised.

In both courts the substance of plaintiffs' allegations was as follows: In 1941 the defendant was duly appointed executor of the will of Herrick Aiken and guardian of the plaintiffs who were then thirteen and nineteen years of age respectively. The will bequeathed all real and personal property, including the Sunapee Lake property, to the four children who survived him: the plaintiffs, the defendant, and John Aiken. The defendant as executor paid the 1940 taxes but in furtherance of a fraudulent plan failed to pay subsequent taxes so that the property was sold by the town for unpaid taxes. Defendant procured one Horace Goodrich, the husband of defendant's housekeeper, to purchase the tax title with the understanding Goodrich would convey the property to John Aiken to hold for the defendant. The tax collector's deed to Goodrich was on July 28, 1943, and on May 4, 1945, Goodrich conveyed the property to John Aiken. John Aiken died November 8, 1961, and his will recited that the Great Island property in his name belonged to defendant and by his will he released and devised it to the defendant.

Plaintiffs allege that although defendant occupied the property as a summer home he never claimed to hold adversely to plaintiffs and told plaintiffs he would take care of their interests, recognizing them as cotenants. Offers by the plaintiffs to pay their share of the real estate taxes were declined by defendant with the statement that the taxes were small and he would pay them and make adjustments later. In 1971 plaintiffs learned for the first time from defendant's

son that defendant claimed sole title and proposed to subdivide or sell the property. Plaintiffs seek to impose a constructive trust recognizing them as cotenants and a decree of partition.

The bill in equity also alleges that the defendant failed to file any account in either the estate or the guardianships. In another prayer they ask for an accounting and an order requiring defendant to pay them their just share of their father's estate and certain insurance policies inventoried as assets of the guardianships. In their brief plaintiffs waive their prayer for accounting and seek to proceed solely on their claim to the real estate.

The prayer for accounting was within the jurisdiction of the probate court in both the estate and the guardianships. RSA 547:3; RSA 547:4. Even if the plaintiffs had not waived their demand for an accounting we can conceive of no useful purpose that would be served by their consideration by the probate court at this time. No fraud is alleged other than the failure of the defendant to file them. Over a quarter of a century has passed since the youngest plaintiff attained her majority and over thirty years since an account was due in the estate. In our opinion the passage of time has extinguished all claims between the parties arising out of the administration of the estate or guardianships. *Tilton v. Tilton,* 41 N.H. 479 (1860); *Hall v. Woodman,* 49 N.H. 295 (1870). While the defendant's acts as executor and guardian may be relevant evidence on the issue of title to the real estate, a decision by the probate court on the accounts would be of no useful assistance to the parties. Filed after the bill in equity was brought, it may fairly be characterized in the language of Chief Justice Joel Parker, used in another context, as "late, reluctant and unimportant".

The superior court has jurisdiction to hear and determine the issues raised by plaintiffs' bill in equity concerning the Lake Sunapee property. While the 1940 tax bill was properly paid by the executor as a current bill of the estate, title to the real estate passed directly to the devisees subject to their interests being divested due to insufficient personal assets in the estate (RSA 559:1) or insolvency of the estate. *McInnes v. Goldthwaite,* 96 N.H. 413, 77 A.2d 849 (1951); *Ruel v. Hardy,*

90 N.H. 240, 6 A.2d 753 (1939); *Hatch v. Kelly,* 63 N.H. 29 (1884); *Perkins v. Perkins,* 58 N.H. 405 (1878); *Lane v. Thompson,* 43 N.H. 326 (1861). In the absence of the necessity of the executor seeking a license to sell the real estate, the probate court has no jurisdiction of the real estate of a decedent. *Weston v. Society,* 79 N.H. 245, 110 A.137 (1919); *Mansfield v. Holton,* 74 N.H. 417, 68 A. 541 (1907). The passage of over three decades in this estate with no petition for license to sell the real estate precludes any possibility of jurisdiction in the probate court of the real estate of the decedent, Herrick Aiken. *Hall v. Woodman,* 49 N.H. 295 (1870); *Tilton v. Tilton,* 41 N.H. 479 (1860). Decision of the plaintiffs' claim to the real estate in this case lies solely within the jurisdiction of the superior court. *In re Bunker Estate,* 110 N.H. 285, 266 A.2d 114 (1970); *Rockwell v. Dow,* 85 N.H. 58, 67, 154 A. 229, 234 (1931); *Patten v. Patten,* 79 N.H. 388, 109 A. 415 (1920); *see Patey v. Peaslee,* 101 N.H. 26, 131 A.2d 433 (1957); *cf. In re Morey Estate,* 113 N.H. 84, 301 A.2d 333 (1973).

*Plaintiffs' exception*
*sustained in No. 6936, remanded;*
*No. 6991 remanded.*

All concurred.