Rockingham County Probate Court
Nos. 2008-756
    2009-066
Rockingham
No. 2009-026

### IN RE ESTATE OF KATHLEEN ANTONIA PORTER
### IN RE CHARLES BALOK & a.

Submitted: July 7, 2009
Opinion Issued: August 5, 2009

*LL Hansen Legal Professional Association*, of Portsmouth (*Lorraine L. Hansen* on the brief), for Charles Balok.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief), for the Estate of Kathleen Porter.

PER CURIAM. In these consolidated appeals, Charles Balok challenges orders of the Rockingham County Probate Court (*Hurd*, J.) and the Superior Court (*Lewis*, J.) relative to a probate court-approved settlement of Balok's claim against the Estate of Kathleen Antonia Porter (estate). He argues that the probate court lacked jurisdiction to terminate a life estate in real property granted to him pursuant to the terms of the settlement, and to issue certain orders after he had perfected an appeal to the superior court pursuant to RSA 547:11-d (2007). We affirm.

After the death of Kathleen Antonia Porter, Balok sought an intestate share of her estate, *see* RSA 561:1 (2007), claiming to have been her common law spouse, *see* RSA 457:39 (2004). On August 1, 2006, the probate court approved a settlement of that claim, under which the estate agreed to transfer a life interest in certain property to Balok, and Balok agreed to reimburse the estate for prior mortgage, insurance and tax payments relative to the property, and to carry such costs in the future. The agreement provided that Balok's interest would terminate if he failed to make such payments.

On December 5, 2006, the estate filed a petition in the probate court seeking to terminate the life estate, claiming that Balok had not made required payments under the agreement. Balok failed to object, and the probate court granted the petition by summary order on January 17, 2007.

On February 13, 2007, Balok filed a *pro se* petition, which the probate court treated as an untimely motion for reconsideration. The probate court denied the motion for reconsideration on November 2, 2007, addressing the parties' arguments on the merits. Balok appealed to the superior court pursuant to RSA 547:11-d.

On May 15, 2008, the superior court dismissed the RSA 547:11-d appeal for lack of subject matter jurisdiction, but allowed Balok to assert other claims against the estate. The estate then requested that the probate court enforce its earlier orders and require Balok to vacate the property. Balok countered that the probate court lacked jurisdiction because he was challenging the dismissal of the RSA 547:11-d appeal, and because, in any event, the court lacked jurisdiction over the property. On September 19, 2008, the probate court vacated its order of January 17, 2007, amended its order of November 2, 2007, to grant Balok's February 13, 2007 motion for reconsideration, and ordered him to file a corporate surety or cash bond in the amount of $15,000.

Balok appealed the probate court's September 19, 2008 order to this court, arguing that the probate court lacked jurisdiction to take any action after he had perfected his RSA 547:11-d appeal and while he pursued an interlocutory appeal of the superior court's May 15, 2008 dismissal. Separately, he filed an interlocutory appeal from the dismissal of the RSA 547:11-d appeal. On December 31, 2008, the probate court again terminated the life estate because Balok had not filed the bond required by its September 19, 2008 order, and Balok filed a third appeal.

By order dated February 26, 2009, we accepted the interlocutory appeal, consolidated all three appeals, and granted a motion to dismiss the appeal as untimely, but only to the extent that Balok sought to challenge the probate court's initial January 17, 2007 order. We did not preclude Balok from challenging the merits of the superior court's dismissal of his RSA 547:11-d appeal, or of any of the other probate court orders from which he appealed. *See Germain v. Germain*, 137 N.H. 82, 84-85 (1993) (while untimely motion for reconsideration did not stay the running of the appeal period under Supreme Court Rule 7, appeal was timely as to the order denying the untimely motion).

■ On appeal, Balok argues that the probate court was without jurisdiction because the property was not subject to a license to sell under RSA 559:1 (2007). He argues further that the probate court lacked jurisdiction to issue any order after he had perfected his RSA 547:11-d appeal, and that all orders issued by the probate court after that appeal was perfected are void. Balok has not, however, briefed whether the superior court erred by dismissing the RSA 547:11-d appeal. Accordingly, we affirm the superior court's May 15, 2008 dismissal, and limit our analysis to his arguments concerning the subject matter jurisdiction of the probate court. *See State v. Harper*, 126 N.H. 815, 817 (1985) (issues raised in interlocutory appeal but not briefed are waived).

■ We address first Balok's argument that the probate court lacked jurisdiction because the property was not subject to a license to sell under RSA 559:1. Although we have previously held that "[i]n the absence of the necessity of the executor seeking a license to sell the real estate, the probate court has no jurisdiction of the real estate of a decedent," *Fleming v. Aiken*, 114 N.H. 687, 690 (1974); *see In re Estate of O'Dwyer*, 135 N.H. 323, 324-25 (1992), the legislature effectively expanded the probate court's jurisdiction to encompass disputes concerning the real estate of a decedent through the Omnibus Justice Act of 1993, *see Petition of CIGNA Healthcare*, 146 N.H. 683, 689 (2001). Today, "the probate court has jurisdiction to resolve issues involving real estate of the decedent if the property is 'in' the estate of the decedent." 10 C. DEGRANDPRE & W. ZORN,

NEW HAMPSHIRE PRACTICE, PROBATE AND ADMINISTRATION OF ESTATES, TRUSTS & GUARDIANSHIPS § 5.6.7, at 5-22 (4th ed. 2008); *see* RSA 547:3, I(b), (1) (Supp. 2008); RSA 547:11-b (2007) (jurisdiction over declaratory judgment actions regarding title to real property in decedent's estate); RSA 547:11-c (2007) (jurisdiction over quiet title actions regarding real property in decedent's estate); RSA 554:1 (2007) (inventory to include real estate). Likewise, the probate court has authority to enforce the settlement of a matter within its jurisdiction. *Cf. In re Estate of Kelly*, 130 N.H. 773, 781-82 (1988) (probate court erred by not granting motion to set aside the settlement of a will contest).

■ Accordingly, to the extent *Fleming* and *O'Dwyer* construed RSA 559:1 as limiting the probate court's jurisdiction over real estate, they have been superseded by the current statutory scheme. Today, RSA 559:1 does no more than authorize an administrator to seek a license to sell property to satisfy debts since, at common law, the rights of the heirs or devisees to real estate vested upon the death of the decedent. *See generally* DEGRANDPRE & ZORN, *supra* § 35.7.1, at 35-14. The statute does not require a license to sell property in order for the probate court to resolve disputes over property of a decedent.

■ In this case, Balok filed a claim in the probate court seeking an intestate share of the estate as the ostensible common law spouse of the decedent. In settlement of this claim, the parties agreed, with the approval of the probate court, that Balok would enjoy a life interest in real property of the estate, but that he would also make certain payments or forfeit the interest. Under these circumstances, the probate court's jurisdiction encompassed enforcement of the settlement, including the terms concerning the life estate.

■ We next address Balok's argument that the probate court lacked jurisdiction to issue orders after he had perfected an appeal to the superior court under RSA 547:11-d. *See Rautenberg v. Munnis*, 107 N.H. 446, 447 (1966) (as a general rule, perfection of appeal divests trial court of continuing jurisdiction). Even if we were to assume that the RSA 547:11-d appeal divested the probate court of continuing jurisdiction, and that all of its orders after the appeal was filed, including its orders vacating its January 17, 2007 order but later terminating the life estate for failure to file a bond, are void, *see Daine v. Daine*, 157 N.H. 426, 428 (2008) (judgments rendered by trial court lacking subject matter jurisdiction are void), we have affirmed the superior court's dismissal of the RSA 547:11-d appeal. Inasmuch as the effect of the superior court's dismissal was to uphold the probate court's earlier termination of the life estate, and because we

conclude that the probate court had jurisdiction to terminate the life estate, Balok's argument that the probate court lacked jurisdiction to issue orders after he filed the RSA 547:11-d appeal is moot. *See N.H. Assoc. of Counties v. State of N.H.*, 158 N.H. 284, 292 (2009) (issue that has become academic or dead is moot).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.