NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————

10th Circuit Court-Brentwood Probate Division
No. 2019-0590

IN RE ESTATE OF LORRAINE R. O'NEILL

Argued: October 14, 2020
Opinion Issued: December 22, 2020

Shaines & McEachern, P.A., of Portsmouth (Alec McEachern and Jacob Marvelley on the brief, and Mr. McEachern orally), for Paul T. O'Neill, trustee of the Lorraine R. O'Neill Revocable Trust – 2004.

McLane Middleton, Professional Association, of Manchester (Ralph F. Holmes and Alexandra S. Cote on the brief, and Ms. Cote orally), for John G. Dugan, administrator of the Estate of Lorraine R. O'Neill.

BASSETT, J. The appellant, Paul T. O'Neill, acting as trustee of the Lorraine R. O'Neill Revocable Trust – 2004, appeals an order of the probate division of the Circuit Court (Moran, J.) granting a petition for ancillary estate administration of certain New Hampshire real estate. O'Neill argues, among other things, that the probate division lacked subject matter jurisdiction to grant the petition because it was filed on behalf of the estate of a non-New Hampshire decedent, and the petition did not represent that a court outside of New Hampshire had made a judicial determination that the estate was insolvent. We affirm the grant of administration and remand all remaining issues to the probate division for further proceedings.

The following facts are supported by the record, or are otherwise undisputed. In June 2015, Lorraine R. O'Neill died in Massachusetts. The decedent was survived by four children and one grandchild. At the time of her death, the decedent owned several parcels of real estate located in New Hampshire. In her will, all of the New Hampshire real estate was devised to the Trustees of the Lorraine R. O'Neill Revocable Trust – 2004, a trust created prior to the decedent's death. Paul T. O'Neill — the appellant — is one of the decedent's children, and a trustee of the trust.

In November 2015, O'Neill filed a petition in the Massachusetts Probate and Family Court for probate of the decedent's will and for his appointment as personal representative of the estate. Disputes later arose among the decedent's children regarding the proper administration of her estate. In April 2018, the family members reached an agreement which provided that the appellee, John G. Dugan, would be appointed as personal representative of the decedent's estate in a supervised administration. The probate court approved the agreement in May 2018, and Dugan was appointed as personal representative.

On June 19, 2019, Dugan filed a Petition for Estate Administration in the probate division of the New Hampshire Circuit Court, seeking appointment as ancillary administrator of the decedent's estate. Attached to the petition were an authenticated copy of the decedent's will, copies of documents filed in the Massachusetts probate proceedings, and an itemized list of real estate that the decedent owned in New Hampshire at the time of her death. The petition did not list any property in New Hampshire other than the real estate.

On July 10, the trial court issued a notice to interested parties, including O'Neill, that the petition for administration had been filed. No objection to the petition was filed, and the court granted the petition on August 23. On September 9, the court issued a notice of decision stating that the petition had been granted and that any motion for reconsideration had to be filed by September 19. See Prob. Div. R. 59-A(1) (stating that a motion for reconsideration must be filed within 10 days of the date of the notice of decision). According to O'Neill, he received the notice of decision on September 13.

On September 20, O'Neill filed a motion for reconsideration. On October 9 — before the trial court had ruled on the motion — O'Neill filed an appeal with this court challenging the grant of administration. On December 11, the Trial Court (Weaver, J.) ruled that, because O'Neill had appealed its decision, it was without authority to rule on the motion. See RSA 567-A:7 (2019).

On appeal, O'Neill argues that the probate division lacked subject matter jurisdiction to grant the petition for administration, and that, even if the probate division had jurisdiction, the trial court committed plain error when it

granted the petition. The jurisdictional argument has multiple parts. First, O'Neill asserts that, under the decedent's will and New Hampshire law, the New Hampshire real estate passed to the trust immediately upon the decedent's death, and that the trust may be divested of the real estate only if the decedent's estate is determined to be insolvent. Second, he observes that, in the petition, the estate did not claim an interest in any property located in New Hampshire other than the real estate. Third, he argues that, because the petition did not establish that a Massachusetts court had declared the estate insolvent, or that any unpaid claim in the Massachusetts proceeding could be filed as a claim against the value of the real estate, the estate did not demonstrate an interest in any New Hampshire property. Consequently, O'Neill argues, there is no property located in New Hampshire for the probate division to administer, and therefore the trial court lacked jurisdiction to grant the petition. We disagree.

"Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things." Gordon v. Town of Rye, 162 N.H. 144, 149 (2011) (quotation omitted). "In other words, it is a tribunal's authority to adjudicate the type of controversy involved in the action." Appeal of Cole, 171 N.H. 403, 408 (2018). "A court lacks power to hear or determine a case concerning subject matter over which it has no jurisdiction." Id. "A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive subject matter jurisdiction." Id.

The probate division is not a court of general jurisdiction; rather, its powers are limited to those conferred on it by statute. Rogers v. Rogers, 171 N.H. 738, 742-43 (2019). Accordingly, determining the jurisdiction of the probate division requires us to engage in statutory interpretation. In re Athena D., 162 N.H. 232, 234-35 (2011). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed by the words of the statute considered as a whole." Rogers, 171 N.H. at 743. "We first look to the statutory language, and whenever possible construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." In the Matter of McAndrews & Woodson, 171 N.H. 214, 219-20 (2018) (quotation omitted). "When the language of a statute is unambiguous, we do not look beyond it for further indications of legislative intent." Rogers, 171 N.H. at 743.

The probate division has exclusive jurisdiction over "[t]he granting of administration and all matters and things of probate jurisdiction relating to the composition, administration, sale, settlement, and final distribution of estates of deceased persons," and "[t]he interpretation and construction of wills." RSA 547:3, I(b)-(c) (2019). Here, Dugan, as personal representative of the

decedent's estate, filed a petition for administration in the probate division asserting an interest in New Hampshire real estate, attaching a copy of the decedent's will. The petition directly involves the "granting of administration," and it "relat[es] to" the administration and settlement of the decedent's estate. RSA 547:3, I(b). Therefore, the plain language of RSA 547:3 provides the probate division with the power to determine whether such a petition for administration should be granted.

Nonetheless, O'Neill argues that the probate division lacked subject matter jurisdiction because the New Hampshire real estate at issue passed to the trust immediately upon the decedent's death, and therefore, absent a judicial determination of insolvency, the decedent's estate has no legal interest in the real estate. In essence, O'Neill argues that the probate division lacked jurisdiction because the estate did not demonstrate that it had title to, or an interest in, the real estate.

O'Neill's argument fails to account for the fact that the probate division has jurisdiction to settle disputes over title to real estate. See RSA 547:3, I(*l*)-(m) (providing the probate division with jurisdiction over petitions to quiet title of real estate pursuant to RSA 547:11-c and declaratory judgment actions pursuant to RSA 547:11-b); RSA 547:11-c (2019) (allowing any person claiming title to real or personal property listed in the estate of a deceased person to bring a quiet title action in the probate division against the estate); RSA 547:11-b (2019) (allowing any person claiming title to real or personal property listed in the estate of a deceased person to bring a declaratory judgment action against the estate, and stating that the probate division's judgment regarding title shall be conclusive). We have recognized that, although the probate division has not always had jurisdiction to settle disputes over title to real estate, "the legislature effectively expanded the probate court's jurisdiction to encompass disputes concerning the real estate of a decedent through the Omnibus Justice Act of 1993." In re Estate of Porter, 159 N.H. 212, 214 (2009). In addition, within 90 days of the appointment of an administrator, the administrator is required to file a complete inventory of the decedent's estate. See RSA 554:1, I (2019). An interested party has the right to object to the inventory. See Prob. Div. R. 105-A. Finally, before an administrator may sell real estate in order to satisfy the debts of an estate, the administrator must apply for a license to sell from the probate division. See RSA 554:17 (2019); RSA 559:1 (2019).

Accordingly, the statutory scheme setting forth the probate division's subject matter jurisdiction expressly provides that, after a petition for administration is granted and an administrator has been appointed, the probate division has jurisdiction to settle disputes over real estate and determine whether an administrator may sell real estate based upon the estate's insolvency. It would make little sense to hold that the probate division does not have subject matter jurisdiction over a petition for administration

4

unless the estate demonstrates, at the time the petition is filed, that it has title to all real estate listed in the petition based upon insolvency. When, as here, a petition for administration includes a representation that the estate has an interest in property in New Hampshire, and no objection is filed, the probate division is not required to sua sponte question the accuracy of that representation.

Nor does RSA 547:3 require that, in order for the probate division to have jurisdiction over an ancillary petition for administration of real estate, the non-New Hampshire estate must demonstrate that a foreign court has declared the estate insolvent. See RSA 547:3. We decline to read such a requirement into the statute where the legislature did not see fit to include one. See McAndrews, 171 N.H. at 219-20. Moreover, such a requirement would make little sense because real estate listed in a petition for administration may be sold even when the estate is not insolvent. For example, an administrator may apply for a license to sell real estate when the decedent's will provides that real estate be disposed of for any lawful purpose. See RSA 559:17 (2019). An administrator may also sell real estate with the consent of the heirs or devisees. See RSA 559:18 (2019).

We conclude that, because the petition for administration included a representation that the estate had an interest in property located in New Hampshire, and no objection was filed, the probate division had subject matter jurisdiction to rule on the petition. Therefore, we find that the trial court did not err when it ruled on the petition.

O'Neill also argues that, even assuming that the probate division had subject matter jurisdiction, the trial court committed plain error when it granted the petition for administration. We decline to address the merits of O'Neill's arguments. As O'Neill acknowledges, he first raised arguments opposing the grant of administration in his motion for reconsideration, which was filed more than two months after the court provided notice of the petition. In addition, because O'Neill filed an appeal in this court before the trial court ruled on the motion to reconsider, the trial court never addressed the merits of O'Neill's arguments. O'Neill's non-jurisdictional arguments involve substantive issues that should be addressed by the probate division in the first instance; accordingly, we affirm the trial court's grant of administration, and remand for further proceedings consistent with this opinion.

Affirmed and remanded.


HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

5