# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0284, <u>Grace Woodham v. Caledonian Record & a.</u>, the court on March 18, 2022, issued the following order:**

The plaintiff's motion to accept a non-conforming filing is granted. Having considered the memoranda of law and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Grace Woodham, appeals orders of the Circuit Court (<u>Greenhalgh</u> and <u>Maloney</u>, JJ., and <u>Ryan</u>, R., approved by <u>Maloney</u>, J.) dismissing her small claims against the defendants, Caledonian Record Publishing Company, Inc., Union Leader Corporation, and John Koziol, and denying her untimely motions for reconsideration. The defendants request that we dismiss the appeal as untimely. We affirm in part, and dismiss the appeal in part.

Rule 7(1) of the Supreme Court Rules requires that a notice of appeal be filed within thirty days from the date on the clerk's written notice of the decision on the merits. A timely filed post-decision motion stays the running of the appeal period. <u>Sup. Ct. R.</u> 7(1)(C). An untimely filed post-decision motion does not stay the running of the appeal period unless the trial court waives the untimeliness within the appeal period. <u>Id</u>. In the absence of an express waiver of the untimeliness made by the trial court within the appeal period, the appeal period is not extended even if the trial court rules on the merits of an untimely filed post-decision motion. <u>Id</u>.

On March 12, 2021, the trial court issued a written notice of decision granting Union Leader's and John Koziol's motion to dismiss Woodham's complaint against them. On March 24, 2021, Woodham filed an untimely motion for reconsideration, <u>see</u> <u>Dist. Div. R.</u> 4.8, which was denied in a notice of decision dated April 14, 2021. Although the trial court ruled on the motion, it did not expressly waive the untimeliness.

On March 26, 2021, the trial court issued a written notice of decision granting Caledonian Record's motion to dismiss Woodham's complaint against it. On April 9, 2021 and May 19, 2021, Woodham filed duplicate untimely motions for reconsideration, <u>see</u> <u>Dist. Div. R.</u> 4.8, which were denied in a notice of decision dated June 21, 2021. Although the trial court ruled on the motions, it did not expressly waive their untimeliness. Consequently, any appeal in this case should have been filed no later than April 26, 2021.

Woodham's notice of appeal was filed on July 2, 2021.  Accordingly, with respect to all but the trial court's June 21, 2021 decision denying the untimely motions for reconsideration regarding the dismissal of the complaint against the Caledonian Record, Woodham's appeal is untimely, and is, therefore, dismissed.  See Sup. Ct. R. 5(4); Germain v. Germain, 137 N.H. 82, 84-85 (1993) (treating appeal from denial of untimely motion for reconsideration as timely appeal only as to the denial of the motion, and not as to the earlier decision on the merits); In re Estate of Porter, 159 N.H. 212, 214 (2009) (citing Germain for same proposition).  To the extent that Woodham's notice of appeal seeks our review of the trial court's June 21, 2021 decision denying her untimely motions for reconsideration, we have reviewed the record and conclude that the trial court did not unsustainably exercise its discretion in denying the motions.  See Broom v. Continental Cas. Co., 152 N.H. 749, 752 (2005) ("We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion.").

Woodham's pending motions for reconsideration and for an injunction are moot.

Affirmed in part; and dismissed in part.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2