## WOOD v. STONE.

It is the duty of the judge of probate to decree the distribution of the personal estate of deceased persons, remaining in the hands of their administrators upon settlement of their accounts of administration, to the persons designated by law as entitled to receive the same.

When there is a controversy as to the validity of an assignment made by one of the persons thus designated, who has since deceased, the duty and authority of the judge are limited to ascertaining who may be the legal representative of such deceased person, and decreeing the share belonging to him to be paid to such representative; nor is it any part of his duty, nor has he any rightful authority, to investigate and determine the validity of such contested assignment.

Courts of probate are of limited and special jurisdiction; they have no jury; their proceedings are not according to the course of the common law; and the legislature do not seem ever to have contemplated investing them with general common law powers, as judicial tribunals, to adjudicate and determine controverted questions of fact or of law.

APPEAL from a decree of the judge of probate of this county, distributing to the appellee, Stone, as the assignee of Winsor Cooper, a deceased child of Jedediah Cooper, late of Swanzey, deceased, the sum of $7,345.62⅔, as the share of the personal estate of said Jedediah Cooper, remaining in the hands of the appellee as his administrator, on the settlement of his administration account, belonging to said Winsor Cooper. The appellee claimed the share

of said Winsor Cooper in his father's estate, under a deed of assignment from him, duly executed, but which the appellant, Wood, claimed to be void, as having been obtained by misrepresentation, imposition and fraud, while said Winsor was of feeble or unsound mind. The appellant had been duly appointed administrator of said Winsor Cooper, and claimed that the share of his father's estate belonging to said Winsor should have been distributed to himself, as his legal representative.

*Charles Devens, Jr.*, (with whom was *D. H. Merriam*,) for the appellant, in support of his position, referred to *Gage* v. *Gage*, 29 N. H. 533, 546; *Ela* v. *McConihe*, 35 N. H. 279; *Pond* v. *Pond*, 13 Mass. 413; *Proctor* v. *Newhall*, 17 Mass. 81, 93; *Osgood* v. *Breed*, 17 Mass. 355; *Hancock* v. *Paige*, 19 Pick. 157.

*Wheeler & Faulkner*, for the appellee.

FOWLER, J. The only question presented for determination on this appeal is, whether it is competent for the judge of probate, in distributing the personal estate of an intestate, to consider and determine the validity of an assignment, made by one of the heirs of the deceased, which is contested, and order the distributive share of the heir to be paid to his assignee, or whether the only duty of the judge of probate in such case is to ascertain the heir, and decree his distributive share to him, or to his representatives, if he shall be dead, and leave the validity of the assignment to be determined at common law.

By the statute of this State [Rev. Stat., ch. 166, sec. 6; Comp. Laws 422,] it is provided that "the personal estate of any person deceased, not bequeathed, remaining in the hands of the administrator on settlement of his administration account, shall be distributed, by decree of the judge, first, to the widow, the share thereof by law pre-

---
Wood *v.* Stone.
---

scribed; second, the residue, in equal shares, to the same persons to whom the real estate, if any there were, would by law descend." By the first section of the same chapter of the Revised Statutes [Comp. Laws 422], the persons to whom the real estate would descend are designated as, "first, the children of the deceased, and the legal representatives of such of them as are deceased; second, if there be no issue, the father, if he is living," &c.

In the case before us, therefore, it was the duty of the judge of probate, there being no widow, by the express terms of the statute, to decree the distribution of the personal estate of the intestate, remaining in the hands of the administrator, in equal shares, to the children of the intestate and the legal representatives of such of them as were dead. And we think that where there was a contest about the validity of an assignment made before his death by one of the deceased children, his duty and authority were limited to ascertaining who might be the legal representative of such deceased child, and ordering the share of such deceased child to be paid to such legal representative; that it was no part of his duty, nor had he any rightful authority to investigate and determine the validity of a contested assignment of such deceased child's share to a third person; but that the parties interested should have been left to settle the controversy in relation to that matter, by a suit at law or otherwise. Had the validity of the assignment been admitted, or not contested, there might, perhaps, have been no objection to the decree recognizing, in some way, the right of the assignee to the deceased child's share.

We arrive at this conclusion, as well from the language of the statute as the reason of the thing, and the current of authorities on the subject, in this State and elsewhere.

Courts of probate are of limited and special jurisdiction, restricted, unless enlarged by statute, to the probate of wills, the administration and settlement of estates, and

the distribution thereof among the heirs and legatees, and other like administrative and ministerial acts. They have no juries, and the proceedings in them are not according to the course of the common law. Originally their powers were almost entirely administrative and ministerial, and in none of the statutes conferring additional and increased jurisdiction upon them, so far as our examination has extended, do the legislature seem ever to have contemplated investing them with general common law powers, as judicial tribunals. Hence, when they have been authorized to assume powers and exercise functions appropriate to the jurisdiction of common law courts, as in the case of the partition of real estate, it has been provided that, if disputes existed, proper to be adjudicated only in those courts, the suggestion of that fact, by plea or otherwise, should at once oust them of jurisdiction, without their being permitted to decide whether the suggestion were well or ill founded.

Although the precise question involved in the present case did not there arise, the principle on which it depends was substantially discussed and considered in *Gage* v. *Gage*, 29 N. H. 546, and in *Ela* v. *McConihe*, 35 N. H. 279 ; and the remarks in those cases seem to leave no doubt what must have been the clear and distinct understanding of the court as to the power and duty of the judge of probate under such circumstances. The authorities cited by the appellant, from Massachusetts, whose system of probate laws and practice is almost identical with our own, are entirely conclusive that the power and authority of probate courts there are regarded as limited and restricted, in circumstances like the present, in the precise manner we have indicated.

The decree of the judge of probate appealed from, must, therefore, be vacated, and a new decree be entered, distributing the share of Winsor Cooper, deceased, in the balance of his father's estate remaining in the hands of

the appellee on the settlement of his administration account, to the appellant, as the legal representative of said Winsor, but without prejudice to the rights of the appellee in subsequent proceedings at law or otherwise.

*Decree vacated.*