## CROSS *v.* BROWN.

A negotiable note, payable on demand, was indorsed thirteen months after it was given,—the consideration for the indorsement being an agreement to support the payee. In an action by the indorsee against the maker, it was *held* that the maker might set off a debt due to him from the payee at the date of the indorsement.

The maker of a negotiable note, who has been appointed administrator of the estate of the payee, may defend against the suit of an indorsee by showing that the indorsement was invalid as against the creditors of the payee, that the avails of the note are needed to pay debts of the payee, and that he, as administrator, claims the note to apply it for that purpose.

One claiming property of a deceased person, under a transfer invalid as against creditors, is not affected by a decree of the probate court charging the administrator with the property.

The allowance by the probate court, after notice by publication, of the private claim of an administrator against the estate, is conclusive upon one claiming property under a transfer from the intestate which was fraudulent as against creditors,

ASSUMPSIT, by Emily Cross against James Brown, upon a note for $100, dated December 13, 1865, signed by the defendant, payable to Abby H. Folsom on demand, with interest, and indorsed by said Abby to the plaintiff. The writ was dated October 18, 1869, and was served on the defendant December 13, 1869. The plaintiff is the wife of Richard Cross. The note was indorsed to her January 31, 1867. On the same day said Abby executed a deed of her real estate to the plaintiff. The defendant, at the trial, offered to prove that on the same day Abby conveyed to the plaintiff all her personal property, including this note, and that said conveyances were without any consideration except some agreement on the part of the plaintiff for the future maintenance of said Abby. On September 3, 1867, the defendant was appointed administrator of the estate of said Abby. In the inventory, the note in suit " in the hands of Richard Cross and wife " was appraised at one hundred dollars. Upon the petition of the plaintiff, dated November 2, 1869, the administrator was cited into the probate court " to settle his account of administration." In the petition it was alleged " that your petitioner is the owner of all the property of said deceased, other than what is necessary to pay the just debts, funeral charges, and the necessary expenses of the administration." In the account allowed by the probate court December 7, 1869, the defendant was charged " for amount of goods and chattels of deceased which came to hands of administrator as per inventory,—$45.11 ; " and he was credited " by expenses of administration," — $90.87 ; and it was

decreed that there was a balance of $45.76 due from the estate to the administrator.

Subsequently, upon the defendant's application, the probate court issued an order for notice to be given by publication, of the exhibition, at the probate court to be held in September, 1870, of the defendant's account of the administration; and also of the presentation for allowance of the private claim of the administrator against the estate of said Abby. This notice having been duly published, the defendant presented at said probate court his private claim against the estate, consisting of various charges, from December 6, 1865, to January 3, 1867, amounting with interest to $146.17. In the same account, the defendant credited the intestate "by my promissory note now and ever since her decease in the hands of Emily Cross, said note being for one hundred dollars, and was given in 1865, in December, principal and interest, $127,"—leaving a balance of $19.17 due to the defendant. This claim was allowed by the probate court. At the same time, the defendant settled his second account of administration, in which he was credited,—

| | |
|---|---|
| By expenses of administration, | $7..27 |
| Private account, | 19.17 |
| Amount due administrator as per first account, | 45.67 |
| | $72.09 |

And it was decreed that a balance of $72.09 was due from the estate to the administrator.

The defendant contended that the proceedings in the probate court furnished a complete defence; and also offered to prove his claim against said Abby in set-off to this action. The questions of law were reserved—the case to be discharged when the questions have been decided.

*Sanborn* and *Wheeler*, for the plaintiff.

*Worcester & Gafney*, and *Small*, for the defendant.

SMITH, J.   The note, being payable on demand, must be considered as dishonored at the time of indorsement, thirteen months after it was given. *Emerson* v. *Crocker*, 5 N. H. 159; *Carlton* v. *Bailey*, 27 N. H. 235; 1 Parsons on Notes and Bills 264, note *y*.

It is not suggested that there was any consideration for the indorsement except the agreement to support the payee. This agreement did not constitute a valid consideration as against the existing creditors of the payee. *Smith* v. *Smith*, 11 N. H. 459; *Albee* v. *Webster*, 16 N. H. 362; 1·Bishop on the Law of Married Women, sec. 759. It is clear, therefore, that the defendant, independently of his position as administrator, and irrespective of the insolvency of the payee's estate, or of the proceedings in the probate court, has a right to prove, in set-off, a debt

due to him from the maker at the date of the indorsement. *Ordiorne* v. *Woodman*, 39 N. H. 541.

But the defendant is not compelled to rely solely upon his right of set-off. He has a more direct defence, grounded upon a denial of the plaintiff's right to maintain a suit upon this note. The transfer of the note was invalid as against the existing creditors of the payee. If, then, it shall be made to appear that the amount of the note is needed to pay the debts of the payee and the expenses of administration, it follows that the administrator of the payee has a better right to the note than the plaintiff. It must be regarded as settled in this State that the transfer in such a case is void as against the administrator, representing the creditors. *Abbott* v. *Tenney*, 18 N. H. 109 ;—see, also, *Marsh* v. *Fuller*, 18 N. H. 360 ; *Everett* v. *Read*, 3 N. H. 55 ; *Kingsbury* v. *Wild*, 3 N. H. 30. And it is, therefore, unnecessary to review the authorities in other jurisdictions. See 1 Am. Lead. Cases, 4th ed., pp. 43, 44. If some third person had been appointed administrator instead of the defendant, it would be a good defence to this suit to show that such administrator had a better right to this note than the plaintiff; and that the administrator had notified the defendant that payment should be made to the administrator and not to the plaintiff. If the maker of a note pays it to a wrongful holder, after notice of the invalidity of the holder's title, he does so at the risk of being compelled to pay the note again to the rightful owner. See 2 Parsons on Notes and Bills, pp. 256, 211, 212 ; *Davis* v. *Lane*, 8 N. H. 224 ; *same case*, 10 N. H. 156, 11 N. H. 512. If it would be a good defence to show that a third person has a better right to the note than the plaintiff, the efficacy of this defence cannot be destroyed by the accidental circumstance that the defendant himself, acting in a representative capacity, is that third person. The defendant, in his individual capacity, is a distinct person, in contemplation of law, from the administrator of the estate of Abby H. Folsom. See *Saltmarsh* v. *Candia*, 51 N. H. 71.

The administrator, in his second account, rendered in September, 1870, virtually charged himself with this note as part of the assets of the intestate ; and the allowance of this account was, in effect, a decree of the probate court charging the administrator with the note. But the decree as to this matter is not evidence against the plaintiff. The probate court is not the proper tribunal to finally determine upon the validity of the title of third persons claiming to hold property by deed or gift from the intestate. The rights of the administrator, as against such third persons, can only be determined in a court of common law or a court of equity. As between the administrator and those entitled to the estate under the statute of distributions, the judge of probate " may pass collaterally upon these points," but cannot conclude the rights of third persons. " For example, he may charge an administrator with a debt due the deceased, which he ought to have collected, but through negligence has failed to collect. In deciding whether the administrator should be so charged, he may pass incidentally upon the question whether such debt was justly due, or whether it had been

paid or otherwise discharged. If the administrator thinks himself wrongfully charged, he must appeal, and thus get time to bring his action for the claim, and try it at common law. If the administrator were so to bring a suit at law against the debtor, and the debtor were to plead that he never promised, or payment, it would be no reply to say that these matters had been passed upon by the court of probate, and that the defendant was concluded by the decree of that court." THOMAS, J., in *Lewis* v. *Bolitho*, 6 Gray 137, pp. 138, 139.

But there is another matter embraced in the adjudication in the probate court, upon which the decree of that court is not only competent but conclusive evidence against this plaintiff. We refer to the allowance of the administrator's private claim as a debt due from the estate. No other court could take jurisdiction of that claim. The statute provides that " any claim of the administrator against the estate shall not be examined or allowed by the commissioner, but the same shall be examined and allowed, if just, by the judge, on the settlement of his administration account, and added to the list of claims,—notice of such claim being given in the citation to the heirs and others to hear such account. If such claim is contested by any heir or creditor, the judge, unless the parties agree in writing that he shall decide it, shall refer the same to one or more referees, whose report, when accepted by the judge, shall be final, and the amount allowed placed on the list of claims." Gen. Stats., ch. 180, secs. 16, 17. It seems to us that the allowance of an administrator's private claim under these statutes is somewhat in the nature of a proceeding *in rem*. It is essential to the practical efficacy of the jurisdiction of the probate court that the allowance of such a claim in that court should be final. At the same time, if direct personal notice to all persons should be required it would often be difficult, if not impracticable, " to ascertain upon whom the notice must be served ;" and the necessity of making personal service upon a large number of persons might cause great delay in the settlement of estates. Hence, the statute (Gen. Stats., ch. 173, sec. 5) provides for a general notice by publication ; and such publication must be considered constructive notice to all interested. See FORBES, J., in *Arnold* v. *Sabin*, 1 Cush. 525, pp. 529, 530. The plaintiff, holding under a transfer invalid as against creditors, took her title to the note " subject to the contingent right of the administrator" to reclaim it " in case it was required for the payment of debts." She was therefore interested in the question of the allowance of the defendant's claim against the estate, and might have appeared and contested the claim. The language of her petition, upon which the administrator was cited in to settle his first account, shows that she was fully conscious, both of her interest and of her right to be heard. Having had constructive notice, and having failed to appear, she is concluded by the decree from now disputing the validity of the defendant's claim. The plaintiff is not concluded upon the ground that she was represented at the hearing by the administrator, as was the case with the donee in *Mitchell* v. *Pease*, 7 Cush. 350, pp. 353, 354. In respect to the private·

claim, the interest of the administrator was antagonistic to that of the estate ; and in that matter he could not be regarded as acting in behalf of those who, as legatees or donees, have an ultimate interest in the intestate's property.  See *Adams* v. *Adams*, 22 Vt. 50, p. 62.  But the legislature, in view of this disability of the administrator to represent the plaintiff, provided that the plaintiff should have an opportunity to appear *in propriâ personâ* and contest the claim ; and, as this opportunity was afforded her in the present case, she cannot now be heard to say that she is a stranger to the proceedings in the probate court relative to the allowance of the claim.

As the transfer to the plaintiff was invalid as against the administrator *if the* note should be needed to pay debts—and it now conclusively appears that it is so needed—the defendant would seem entitled to judgment ; but no entry to that effect can be made under the terms of the order reserving these questions.          *Case discharged.*