Rockingham Probate Court, } No. 4034.
    July 2, 1951.    } No. 4035.

IN RE ESTATE CLARENCE O. GAY.

IN RE ESTATE IDA M. GAY.

*Robert E. Earley,* for the administrator, furnished no brief.

JOHNSTON, C. J. A preliminary question to be decided is whether the probate court has jurisdiction to entertain a petition for advice and instructions. If it has not such jurisdiction then it has no authority to transfer questions under chapter 90, Laws 1947, and any advice given is without binding effect.

Objection to jurisdiction over the subject matter may be taken at any time and under the circumstance of such lack the court will act on its own motion. "Whenever it appears that a court has no jurisdiction of the subject-matter of the suit, the proceeding is dismissed even if no objection is made." *Burgess* v. *Burgess,* 71 N. H. 293. See also, *Straw's Petition,* 78 N. H. 506.

The authorities are not unanimous as to the jurisdiction of probate courts. "Accordingly, many authorities have held that probate courts are courts of limited or special jurisdiction and, being inferior courts, cannot take jurisdiction or administer remedies except as provided by statute." 14 Am. Jur. 252.

In this state it has been held that the probate courts do not have general jurisdiction but are limited to such powers as are conferred upon them by statute. "The jurisdiction of such courts is limited (P. L., c. 293 [now R. L., c. 346]) and they have not been clothed with general equitable powers, even with reference to those fiduciaries who are appointed by them." *Wentworth* v. *Waldron,* 86 N. H. 559, 561. This view of limited powers is expressed in *Hayes* v. *Hayes,* 48 N. H. 219, 229, 230 as follows: "The general policy of the law in this State has been to confine the contentious jurisdiction of the probate courts within narrow limits, leaving the practice there to be simple and generally free from such difficulty

as would require the attendance of counsel and the expense of protracted trials. . . . The position here taken by the appellees involves the claim of general jurisdiction over trust funds created by will. Jurisdiction over such trusts is conferred by the statute in express terms on the supreme judicial court. If, in this case, the probate court has power to enforce the trust according to the intent of the donor, it must have it in every other trust created by will. If the legislature intended to grant the probate court concurrent jurisdiction over these trusts with the supreme court, they would not, we think, have left their intention to be inferred from a single doubtful expression in a statute whose general object was entirely different; but would have conferred the authority in plain and explicit terms."

In *Rockwell* v. *Dow*, 85 N. H. 58, 66, a distinction was drawn between jurisdiction of the probate courts and that of the Superior Court. "The general line separating probate jurisdiction from that of the superior court is not difficult of ascertainment. The distinction is that between things which are 'incident to the business of conducting the administration' and 'a settlement with the judge of probate' concerning administration already had. *Patten* v. *Patten*, 79 N. H. 388, 392, 393." On page 67 of the same opinion, it was indicated that jurisdiction over petitions for advice and instructions was in the Superior Court and not in the probate courts. "If the probate court has jurisdiction to construe a will or deed of trust, as an incident of its authority to pass upon accounts, or make a decree of distribution, it is not to be doubted that the superior court still has the frequently exercised power to advise a fiduciary as to the law governing his future conduct of the trust."

The authority of the probate court under Laws 1947, chapter 90, is limited to the certification of questions of law upon which the court desires instructions for the proper decision of matters duly before it in proceedings coming within its statutory jurisdiction.

Since the administrator may choose to file petitions for advice and instructions in the Superior Court and ask the same questions that were certified in the present proceedings, it should be noted that the power of that court to advise is limited to questions arising out of the administration of property held in a fiduciary capacity. It does not include advising a legatee or devisee concerning his private rights and duties, although such beneficiary may also be a fiduciary. The purpose of the remedy is the protection of fiduciaries. *Wallace* v. *Brown*, 89 N. H. 561; *Harvey* v. *Harvey*, 73

N. H. 106; *Gafney* v. *Kenison*, 64 N. H. 354.

*Petitions dismissed.*

KENISON, J., dissented: the others concurred.

KENISON, J., *dissenting:* While agreeing with the next to the last paragraph of the opinion, it is believed that the construction placed on Laws 1947, chapter 90, is stricter than required by its express terms, more limited than its apparent policy and purpose (1 N. H. Judicial Council Rep. 19, 20 (1946)) and inconsistent with the action actually taken by this court under the same statute in the recent case of *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89. If some of the questions certified by the probate court are not doubtful or should not be answered (*In re: Gile Estate,* 95 N. H. 270), we need not assume that the answers to the remainder are unnecessary to the probate court for its determination of the procedure to be followed in the distribution and accounting of the estate. See *Duncan* v. *Bigelow,* 96 N. H. 216, 219.