Hillsborough Probate Court,
No. 4220.

IN RE ANNIE BYRNE ESTATE.

,Argued October 6, 1953.
Decided October 30, 1953.

*John W. King,* for the administrator with the will annexed (by brief and orally), as *amicus curiae.*

*Efrain G. Sanchez,* guardian *ad litem,* furnished no brief.

GOODNOW, J. Questions of law which may be certified to this court by a probate court under Laws 1947, *c.* 90, are those as to which instructions are desired by that court in order that it may make a "proper decision of matters duly before it in proceedings coming within its statutory jurisdiction." *In re Gay Estate,* 97 N. H. 102, 105. Insofar as any questions so certified seek instructions as to the numerous matters which may arise in the "settlement and final distribution of estates of deceased persons" (R. L., *c.* 346, *s.* 3) or are concerned with such specific matters as the distribution of personal estate bequeathed by a testator (R. L., *c.* 360, *s.* 7), they involved matters within the statutory jurisdiction of that court. *In re Harrington Estate,* 97 N. H. 184, 185; *In re Mooney Estate,* 97 N. H. 187; *In re Grondin Estate,* 98 N. H. 313. Such matters are "duly before" the probate court not only when a final account or a petition for a decree of distribution has been filed but also when it appears that a proper decision by that court will presently be required in regard thereto which cannot be made without instructions from this court. To the extent that the opinion in *In re Gay Estate, supra,* more strictly limits the questions which may be so certified, it is overruled.

This is not intended to suggest that jurisdiction has been conferred upon probate courts to give advice or instructions upon petitions of fiduciaries, which come within the jurisdiction of the Superior Court. *Duncan* v. *Bigelow,* 96 N. H. 216, 218; *Rockwell* v. *Dow,* 85 N. H. 58.

The first question certified in this case concerns the validity of the trust sought to be established by the residuary clause of the will. Since it is apparent from the language of the will that there is no ascertainable beneficiary capable of coming into court and claiming its benefits, the validity of the trust depends upon a determination of whether "the erection of a tomb on my family

lot" is such a purpose as to qualify the trust as a charitable one. *Clark* v. *Campbell*, 82 N. H. 281, 282; *Tunis* v. *Dole*, 97 N. H. 420, 424. We are of the opinion that in the circumstances of this case, the erection of a tomb such as the testatrix intended at the location specified would accomplish no public benefit and that the provisions of the residuary clause of the will failed to create a trust.

A tomb is defined as "a house, chamber, or vault, formed wholly or partly in the earth or entirely above ground, for the reception of the dead." Webster's New International Dictionary (2d *ed.*). While the structure described by this word alone might simply be a cement vault buried in the lot such as would be permitted by the cemetery officials in this case, it can be fairly concluded from her directions that it be erected on the lot and the discretion granted to the trustee as to choice of material and architecture that the testatrix intended that the tomb for which she provided should be at least partly above ground and should serve not only as a place of burial for herself but as a monument to herself and her family.

A gift made with a direction that it be applied to the erection of such a tomb or monument does not ordinarily create a charitable trust. Restatement, Trusts, *s.* 374, *comment* h. The public interest in the sightly appearance of cemeteries is served by a gift in trust for the perpetual care of a lot therein and such a gift has long been recognized in this state as a charitable one. *Webster* v. *Sughrow*, 69 N. H. 380, 381. On the other hand, a gift to be applied to the erection of a tomb or monument, while formerly thought to serve some slight public purpose (see *Smart* v. *Durham*, 77 N. H. 56, 58) is not at this time of such social interest to the community as to qualify as charitable unless the structure to be erected would confer some public benefit as it would if it became a part of the fabric of a church or commemorated some notable person. Our statute permitting the erection of "suitable monuments" by executors or administrators at "reasonable expense" (R. L., c. 353, s. 21) does not establish a gift in trust for such a purpose as one of benefit to the community as a whole. No public purpose would be served by the erection of the tomb provided for in the case at bar.

When the intention of a testator to establish a trust for a non-charitable purpose is not effective, the donee is not permitted to keep the fund for his own benefit but, if he is not authorized to apply the property beyond the period of the rule against perpetuities, he may either apply it to the designated purpose, unless such a use of the fund would be capricious, or surrender it to the

estate of the testator. Restatement, Trusts, s. 418. Neither the question of whether this power could be exercised by a substitute when the named donee predeceases the testator, as in the case at bar, nor the issue of capriciousness is presented here, however, since the decision of the cemetery officials refusing permission for the erection of a tomb on the lot in question has made any use of the fund for that purpose impossible. Under these circumstances, the fund remains in the estate of the testatrix. The will made no provision for the disposition of the residue of the estate in the event that the erection of such a tomb as the testatrix intended should be impossible and the residue passes as intestate property. *Burpee* v. *Pickard,* 94 N. H. 307, 308.

The extent to which the administrator may expend the property of the estate which would otherwise become a part of the residue is limited by statute. The use of a concrete vault such as would be permitted in this case by the cemetery officials has become a commonplace element of expense in providing for a decent and permanent burial. An expenditure by the administrator for such a purpose could properly be charged as a funeral expense under the provisions of R. L., c. 353, s. 19 II. *Bell* v. *Briggs,* 63 N. H. 592, 593. It is also provided by statute that administrators of estates actually solvent "may erect suitable monuments at the graves of the testators or intestates, and the reasonable expense thereof shall be allowed them on settlement of their accounts." R. L., c. 353, s. 21. Guided as to its suitability and the reasonableness of the expense by "the amount of property left by the testator . . . his position and standing . . . the location of the monument" as well as any other pertinent circumstances the administrator may erect a suitable monument on the lot of the testatrix. *Reynolds* v. *Jones,* 78 N. H. 84, 88.

The probate court is advised that the residue clause does not create a trust; that the authority of the administrator to make expenditures for a burial vault and monument is the same as that ordinarily possessed by an administrator under the statutes; and that the balance of the residue of the estate should be distributed as intestate property.

*Case discharged.*

All concurred.