Cheshire,
No. 4713.

IN RE CLARA E. WOODS ESTATE.

Argued March 4, 1959.

Decided April 7, 1959.

*Howard B. Lane* (by brief and orally), for the administratrix.

*Faulkner, Plaut & Hanna* (*Mr. Plaut* orally), for Florence Cram and Doris Cocco, heirs of Clara E. Woods.

BLANDIN, J.  The basic question presented is whether Clara E. Woods took a vested interest in fee under the will of her sister, Elizabeth A. Luce, in certain real estate, so that upon her death it descended to Clara's heirs, Florence Cram and Doris Cocco, or whether it passed to Mrs. Luce's only daughter, Evelyn S. Deming. The answer depends on what the testatrix meant when, after bequeathing all the remainder of her estate in equal shares to her daughter and sister, she added the words: "In case of the death of either . . . I give, bequeath and devise the share of such decedent to the survivor."  Although as administratrix of Mrs. Woods' estate, Mrs. Deming inventoried a "1/2 interest in Land and buildings" in the disputed real property she presently claims this was error and that she takes it all as survivor under Mrs. Luce's will.

It is axiomatic that the law favors the early vesting of interests (*Merchants &c. Bank* v. *Curtis,* 98 N. H. 225, 230; 57 Am. Jur. 803) in the interest of certainty, the avoidance of complications, and the expeditious settlement of estates.  Furthermore, the common meaning attributed to words of survivorship is that they refer to the death of the devisee in the lifetime of the testatrix. *Whitney* v. *Whitney,* 45 N. H. 311; anno. 51 A. L. R. (2d) 205. The practical difficulties of applying the construction urged by the administratrix, especially with reference to the disposition of personal estate, are obvious and militate against her claim. *Cowan* v. *Cowan,* 90 N. H. 198, 201.  Furthermore, the words appear in themselves significant.  Since death is certain, there seems no point in using the words "In case" unless they were intended to refer to the death of either of the devisees before that of the testatrix.  Anno. 51 A. L. R. (2d) 205, 206:

We are not unmindful of the administratrix' argument that

Mrs. Luce's main concern was her sister, Clara, and her daughter, the administratrix, and that since she did not mention her brother, Samuel Luce, and another sister, Florence Cram, it must have been her intent that neither they nor their children should share in her estate. We agree that her real interest was in her daughter and her sister Clara, but had she been desirous of arranging matters so that no child of her brother or Mrs. Cram should take under her will, she could easily have done so.

In the case of *Mulvanity* v. *Nute,* 95 N. H. 526, cited by the administratrix, the will unequivocally expressed an intention that a joint tenancy be created. The testator gave certain property to his son and sister as "Joint Tenants" and stated that "upon the decease of one, the title to vest in the survivor." He expressed the desire that his son and sister have the right to occupy the premises during their lifetime. The court held that a joint tenancy in fee was created. It added that in order to establish the unusual estate of a life estate with remainder to the survivor, which is what the administratrix claims was created by Mrs. Luce's will, "clear and unambiguous language" would have to be used. *Id.,* 528. See also, RSA 477:18. We find no such language in this will indicating an intent to set up such an uncommon estate, but rather it expresses a reasonably plain purpose to make a gift in fee to two persons with the survivor taking all if, but only if, one of them died before the testatrix.

In all the circumstances, we believe the testatrix, when she said "In case of the death of either," referred to death in her lifetime. Since this did not occur, it follows that Clara E. Woods took an undivided one-half interest in fee in the disputed real property which was properly inventoried as part of her estate.

*Remanded.*

All concurred.