Strafford,
No. 4911.

VINTON R. YEATON *Ex'r & a.*

*v.*

HAROLD W. SKILLINGS *& a.*

Argued June 6, 1961.

Decided June 30, 1961.

354

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiffs.

*Russell H. McGuirk* for Massachusetts Bonding & Insurance Co.

LAMPRON, J. The general nature of plaintiffs' petition is stated in their brief to be as follows: "This is an action to charge the conservator and his surety for certain sums of money owed by the conservator to his ward, being due and payable during the period of the conservatorship and which the conservator neither paid nor made any accounting. It is further sought to charge the conservator and his surety for certain items of property of the ward which the conservator either had in possession or should have had in possession during the conservatorship and for which he failed to account."

"Conservators were originally called guardians and the legislative history of the conservator statute takes on meaning and force only to the extent that a conservator has the same powers and obligations as a guardian in so far as they relate to the property of the ward." *Crawford* v. *Widett*, 100 N. H. 115, 118. A conservator is under a fiduciary duty to collect and honestly account for all the assets of his ward. *Butler* v. *Legro*, 62 N. H. 350; 39 C. J. S., Guardian and Ward, s. 74, p. 114. He is also under a positive duty not to use his ward's assets for his private profit. *Massachusetts Bonding Co.* v. *Keefe*, 100 N. H. 361, 364; *Hollis* v. *Tilton*, 90 N. H. 119, 122. A person who has placed his property in the hands of a conservator cannot make a valid contract in relation thereto without his approval. *Normandin* v. *Kimball*, 92 N. H. 62, 64. See RSA 464:18; RSA 462:27.

By their motion the plaintiffs sought to charge the conservator

and his surety with the following promissory notes of Harold payable to said Sarah together with the interest due thereon; note dated December 24, 1941 in the amount of $2,000; note dated January 28, 1942 for $3,000; note dated August 11, 1945 for $12,000; note dated April 19, 1946 for $3,000; note dated October 31, 1946 for $4,000; note dated January 21, 1947 for $10,000. In an action brought by plaintiff Yeaton a judgment in the amount of $43,700 was obtained thereon against said Skillings (*Yeaton* v. *Skillings,* 100 N. H. 316) which is unpaid.

On the date of Harold's appointment as conservator of Sarah each of the first three of the above notes was a debt due from him to his ward. In the case of an administrator of a decedent's estate such debts "shall be assets and accounted for as other debts." RSA 554:14 (formerly R. L., c. 353, s. 14). They should be inventoried under RSA 554:1. It has long been the established law of this jurisdiction that an executor or an administrator is bound to account for such debts in full regardless of his financial ability to pay and that his surety is chargeable with his failure to do so. *Judge of Probate* v. *Sulloway,* 68 N. H. 511, 515; see *King* v. *Murray,* 286 Mass. 492, 496.

RSA 464:18 provides that a conservator "shall be subject to all provisions of law now in force as to guardians, so far as they apply to the estates of their wards." By the provisions of RSA 462:5 a guardian "shall make and return a true and perfect inventory of the estate of his ward as inventories of the estates of persons deceased are made." We are therefore of the opinion that the rule of the *Sulloway* case applies to conservators. *Mattoon, Judge* v. *Cowing,* 13 Gray (Mass.) 387; note, 14 B. U. L. Rev. 677, 683, 685. We hold as a matter of law that Harold as conservator was accountable for the balance due on those notes together with interest provided for therein and that upon his failure to account for the same his surety became chargeable therefor. *Judge of Probate* v. *Sulloway, supra.*

The fourth note executed April 19, 1946 was payable three years after date. The principal was not due at the time of Harold's appointment and did not become due until after his resignation as conservator was accepted by the probate court and would not fall within the above rule. However by its terms interest at the rate of 5% was to be paid monthly. Interest due and payable on the date of his appointment as well as interest which became due during his conservatorship were assets for which he was bound

to account to his ward and on his failure to pay his surety became chargeable therefor.

The last two notes were evidence of loans made during the period of the conservatorship. Harold's appointment as conservator determined that as of that date Sarah was "unfitted by reason of infirmities of age, or by other mental or physical disability to manage her affairs with prudence and understanding." *Oullette* v. *Ledoux*, 92 N. H. 302, 305. This created a fiduciary relationship between them (Restatement, Trusts, *s.* 7) and imposed upon Harold a positive duty not to use his ward's assets for his private profit. *Massachusetts Bonding Co.* v. *Keefe*, 100 N. H. 361, 364. A conservator who makes loans of his ward's assets to himself is chargeable with the principal and interest due thereon and upon nonpayment his surety becomes liable therefor. *Hollis* v. *Tilton*, 90 N. H. 119, 122; 2 Scott, Trusts (2d *ed.*) *s.* 170.17.

The plaintiffs also sought to charge the defendants with certain sizeable sums of money, the value of a diamond ring, of certain savings accounts and of certain bonds, for a withdrawal of $3,000 by Harold from one of Sarah's savings accounts and for the income of her property during the period between the appointment and resignation of Harold as conservator.

It could be found on the evidence that the withdrawal of $3,000 was used to purchase property for Sarah and that no loss resulted from this transaction. A careful examination of the record reveals that the evidence did not compel a finding that any breach of trust by Harold made him or his surety chargeable for any of the items enumerated in the previous paragraph. The Superior Court's ruling of nonchargeability as to these is sustained.

The exception of the plaintiffs to the dismissal of their appeal with regard to the promissory notes is sustained to the extent previously stated.

Defendants' exception to the denial of their motion to dismiss plaintiffs' motion to charge must be overruled. There was sufficient evidence of irregularities and self-dealing by the conservator to warrant the Court's action. *Raymond* v. *Goodrich*, 80 N. H. 215; *Massachusetts Bonding Co.* v. *Keefe, supra,* 363.

*Plaintiffs' exception sustained in part; defendants' exception overruled.*

WHEELER, J., did not sit; the others concurred.