Hillsborough Probate Court,
No. 5122.

IN RE JULIA PETERSON ESTATE.

Submitted April 3, 1963.

Decided April 30, 1963.

*Clancy & O'Neill* (by brief) for the executor of the will.

*Leo R. Lesieur,* guardian ad litem, furnished no brief.

KENISON, C. J. Passing reference should be made to two preliminary matters before reaching the principal question relating to the construction of the will. First it is to be noted that because both the executor and the probate court were in justifiable doubt as to the proper construction of the second clause of the will, it was impossible to make a legal distribution of the proceeds of

the probate estate or to file an account. Therefore, this question was properly pending in the probate court and could be certified by it to this court under the provisions of RSA 547:30. *In re Harrington Estate,* 97 N. H. 184; *In re Woods Estate,* 102 N. H. 59; *In re Whitelaw Estate,* 104 N. H. 307. As pointed out on previous occasions this statute provides an alternative method which in some cases is more expeditious and inexpensive than an application to the Superior Court for an interpretation of the will followed by transfer to this court. *Duncan* v. *Bigelow,* 96 N. H. 216; *In re Byrne Estate,* 98 N. H. 300.

The second preliminary matter concerns the brief filed on behalf of the executor. While the brief is not specifically designated as an *amicus curiae* brief, it will be accepted. Llewellyn, The Common Law Tradition — Deciding Appeals 323 (1960); Comment, The Amicus Curiae, 55 Nw. U. L. Rev. 469 (1960). As was pointed out in *In re Allaire Estate,* 103 N. H. 318, 320, this "court is not averse to wisdom in any form, from any source," and we shall continue to accept the benefits of briefs filed by fiduciaries whether designated *amicus curiae* or otherwise. See Krislov, The Amicus Curiae Brief: From Friendship to Advocacy, 72 Yale L. J. 694 (1963). Frequently the alternative to rejecting these briefs, however designated, is to leave the question before this court without aid from any source. The danger that a fiduciary filing a brief may advocate a position favorable to one legatee and unfavorable to another without regard to the merits of the question is a minimal risk that this court is willing to assume. The brief of the fiduciary in the present case is helpful to the court, although his advocacy of a construction which appears to the fiduciary as the most logical within the context of the will as a whole necessarily results in supporting one legatee over another. *In re Grondin Estate,* 98 N. H. 313, 315.

The specific legacy in the second clause of the will bequeathed to the sister of the testatrix "my household furnishings and furniture, personal effects, clothing and jewelry" with the exception of an oil painting and three pictures which were specifically described. In ordinary context household furnishings and furniture would not include an automobile and the decisions are not harmonious in deciding whether an automobile is included within the meaning of the phrase "personal effects." Annot. 75 A.L.R. 113; 4 Bowe-Parker: Page on Wills, *ss.* 33.27 and 33.43, *p.* 366 (1961). "In its primary sense the term 'personal

effects' refers only to those articles of tangible personal property that in their use or intended use have some intimate connection with the person of the testatrix. *Gaston* v. *Gaston*, 320 Mass. 627." *In re Lathrop Estate*, 100 N. H. 393, 396. See Annot. 41 A.L.R. 2d 946. It is recognized that the phrase "personal effects" is not a phrase of precision (Annot. 80 A.L.R. 941) and this has caused some commentators and estate planners to recommend that the phrase be used with caution and sparingly. 1957 Annual Survey of American Law 513. It is frequently recommended in describing bequests of tangible personal property that the will should specifically mention automobiles if they are part of the estate. David, Testamentary Disposition of Tangible Personal Property, 3 Practical Lawyer (No. 1) 46, 48 (Jan. 1957); Stephenson, Drafting Wills and Trust Agreements — Dispositive Provisions, *ss.* 8.7 and 21.6 (1955); 2 Casner, Estate Planning 1267, 1319 (1961). However, it is recognized that the testatrix is in a sense a sovereign of her estate, whatever its size, and that neither decisions nor dictionaries should constitute insuperable barriers to her testamentary disposition to the extent it may be ascertained from the will as a whole.

In the present case there is no indication that the testatrix considered her automobile as household furnishings and furniture or as personal effects. *Richmond* v. *Rhode Island Hosp. Trust Co.*, 46 R. I. 113; *Jones* v. *Callahan*, 242 N. C. 566. The second clause of the will considered as a whole, indicates that she considered personal effects in the restricted sense in which it was used *In re Lathrop Estate*, 100 N. H. 393, 396. In other words, she was thinking of that portion of her personal property which had some intimate connection with her person and not in the more general sense of tangible personal property which she owned. *Cf. Cowan* v. *Cowan*, 90 N. H. 198, 199. The fact that she considered an oil painting and certain pictures as household furnishings or personal effects in the only specific legacy in her will tends to strengthen this view. The residuary legatee, a church, received the largest legacy in addition to the residue, and it is reasonably clear that she intended all tangible personal property not specifically covered in the second clause to pass under the residue.

*Remanded.*

All concurred.