Sullivan Probate Court,
No. 5869.

IN RE JEAN M. LATOUR ESTATE.

December 30, 1969.

*Leahy & Denault* ( *Mr. Albert D. Leahy, Jr.* orally ), for Josephine L. Robarge and Frederick Robarge, remaindermen under the will of Jean M. LaTour.

Mary L. Caise, trustee under the will of Jean M. LaTour, pro se filed no brief.

*John F. Beamis*, Director of Charitable Trusts ( by brief and orally ), as *amicus curiae*.

KENISON, C. J. The principal issue in this case is whether capital gains distributions from regulated investment companies, commonly called mutual funds, are to be accounted for as income or principal in probate and trust accounting. We write on a clean slate since there is no statute or decision in this state which provides an answer. The issue comes to us as a certification of questions of law from the probate court of Sullivan county ( *Shaw*, J. ) pursuant to the provisions of RSA 547:30. *In re Peterson Estate*, 104 N. H. 508, 190 A. 2d 418.

The will of the testatrix, Jean M. LaTour, which was allowed in 1949, established a testamentary trust of the residue of her estate and directed the trustee, Mary L. Caise, to pay all or a part of the income to her niece, Frances G. LaTour for her life and on her death "the entire balance" of the trust estate was to be paid to her niece, Josephine L. Robarge and her niece's son, Frederick Robarge. The life beneficiary died in 1966 and in her will named the trustee, Mary L. Caise, as residuary legatee. The trustee is unrelated to the testatrix.

The following facts appear in the record: "A portion of the assets of the trust has consisted for many years of mutual fund securities. Capital gains distributions from time to time have been

declared thereon and were accounted for by the trustee as additions to the principal of the trust.

"The trustee, Mary L. Caise, is the residuary legatee of the income beneficiary, Frances G. LaTour, under her will dated August 29, 1951, and filed for probate in Florida on February 8, 1968, after the pendency of the within proceeding. The trustee was fully compensated for her services, but failed to account for her administration and refused to turn over to Josephine L. Robarge and Frederick Robarge, the remaindermen, the capital gains distribution of the mutual funds. The remaindermen petitioned the probate court for an accounting of the administration of the trust. The trustee then presented to the court an account which in effect amended her previous accounts and treated the capital gains distributions as income. Her position is that she had erroneously accounted for capital gains distributions as additions to principal and she further claims that these distributions should now be treated as unexpended income and should now be paid over to the estate of the income beneficiary and ultimately to herself as the residuary legatee under the income beneficiary's will. The remaindermen objected to the allowance of the account . . . . The Court being in doubt, has refused to allow the trustee's final account . . . " pending certification to the Supreme Court.

As a preliminary matter it may be noted that the principal question in this case could have been resolved by a specific provision in the will. Rogers, Capital Gain Dividends-A Suggestion for Draftsmen, 20 Fordham Law Review 79, 82 ( 1951 ); Note 21 Sw. L. J. 824, 829 ( 1967 ); 1 Nossaman and Wyatt, Administration and Taxation ( 2d *ed.* Rev. 1966 ) *s.* 15.13. However the will is silent in this respect and contains no provision expressly or impliedly which would control the capital gains distributions from mutual funds. See Wiesenberger, Investment Companies, 1969 ( Twenty-Ninth Annual Edition ) *p.* 32; Annot. 98 A.L.R. 2d 511.

The arguments and considerations in favor of treating capital gains distributions from mutual funds as income have been set forth in Bogert, Trust and Trustees ( 2d *ed.* ) *s.* 858 and note, Capital Gains Distribution from Mutual Funds: Income or Principal?, 65 Mich. L. Rev. 761 ( 1967 ). Those in favor of treating capital gains distributions from mutual funds as principal are supported by Scott and the recent statutory and case law on the subject. 3 Scott, Trusts, *s.* 236.14 ( 3d *ed.* 1967 ); Note,

Trusts - Mutual Funds - Allocation of Capital Gains Distributions, 18 Sw. L. J. 508 ( 1964 ); *Tait* v. *Peck*, 346 Mass. 521, 194 N. E. 2d 707; *Brock Estate*, 420 Pa. 454, 218 A. 2d 281; *Manufacturers Hanover Trust Company* v. *Bartram* ( Conn. ), 255 A. 2d 828 ( 1969 ).

Section 6c of the 1962 Revised Principal and Income Act reads as follows: " ( c ) Distributions made from ordinary income by a regulated investment company or by a trust qualifying and electing to be taxed under federal law as a real estate investment trust are income. All other distributions made by the company or trust, including distributions from capital gains . . . are principal." 9B Uniform Laws Annotated 578. Many jurisdictions which have not adopted this act have adopted the essence of this portion of the uniform act as it relates to distributions from capital gains of mutual funds. For a partial list of jurisdictions, see 1969 Supplement to Volume 2 of Casner, Estate Planning, *p.* 1211, *n.* 56. New Hampshire has not adopted any specific statute in the matter nor is there any decision which squarely rules on the matter. We think the well considered opinion of Justice *Cutter* in *Tait* v. *Peck*, 346 Mass. 521, 194 N. E. 2d 707 treating capital gains distributions from mutual funds as principal is the proper rule to follow for this jurisdiction. This is so not only for the reasons stated therein but because this is consistent with our trust accounting practices ( *Langdell* v. *Dodge*, 100 N. H. 118, 122 A. 2d 529 ), which follow the general rules enunciated in *Minot* v. *Paine*, 99 Mass. 101. See 42 Notre Dame Lawyer 251 ( 1966 ); Wentworth, Recent Developments Related to the Treatment of Investment Company Capital Gains Distributions by Fiduciaries, 49 Mass. L. Q. 147, 158 ( 1964 ).

The second question transferred relates to what would happen if these capital gains distributions were treated as income. In view of the result reached it is unnecessary to answer that question. A third collateral question relating to estoppel is likewise unnecessary to answer. The capital gains distributions in this case were properly accounted for as principal and not income and the trustee is liable to account on that basis and no other. Consequently it is unnecessary to determine collateral matters of estoppel.

The probate court is advised that the capital gains distribution of mutual funds in this trust belong to and should be decreed

for the benefit of the remaindermen, Josephine L. Robarge and Frederick Robarge.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.