Rockingham Probate Court,
No. 6062.

In re FRANK F. BUNKER ESTATE

PETITION of HENRY W. SHUTE, *Ex'r.*

June 2, 1970.

*Henry W. Shute,* Executor of the Estate of Frank W. Bunker ( by brief and orally ), pro se.

*Glen E. Graper,* Guardian ad litem for Marguerite L. Brown, pro se.

GRIFFITH, J.  This is a petition filed in the probate court asking that the probate court authorize that the plaintiff take title and

possession of a bank account in the Manchester Savings Bank standing in the name of Marguerite L. Brown. The petition alleges that plaintiff's testator Frank W. Bunker deposited the sum of $515.33 on May 24, 1922 in the name of his adopted daughter Marguerite L. Brown. On October 1, 1964 the account amounted to $2,183.85 from accumulated interest at that time. No signature card at the bank was ever signed by Marguerite L. Brown and she has not been heard from since 1923. Except for a few months in 1964-1965 when the Manchester Savings Bank had possession of the bank book, it was in the possession of Frank W. Bunker until his death and the executor of his estate now has it. The executor claims that the deposit was an incomplete gift of his testator and that it is now part of the assets of the estate. It does not appear that service of the petition has been attempted on either the Manchester Savings Bank or Marguerite L. Brown but Glen Graper was apparently named as guardian ad litem for the latter. The Probate Court ( *Treat,* J. ) reserved and transferred all questions of law involved.

The probate court has been asked to determine here a matter in which the Manchester Savings Bank, Marguerite L. Brown and the executor of the Estate of Frank W. Bunker are all interested parties. The Bank can only be required to pay the account upon order of a court having jurisdiction of the subject matter. This court may not advise the probate court on questions transferred under RSA 547:30 unless it is on "matters duly before it in proceedings coming within its statutory jurisdiction." *In re Estate of Gay,* 97 N.H. 102, 105, 81 A.2d 841, 843. If the proceedings here are not within the statutory jurisdiction of the probate court we are required to dismiss them although the jurisdiction question was neither raised nor argued. *Burgess* v. *Burgess,* 71 N.H. 293, 51 A. 1074; *In re Gay Estate, supra.*

We have liberally interpreted RSA 547:30 to permit answers to certified questions when it has appeared jurisdiction was doubtful but that the answers would aid in the administration of the estate and the probabe court merely served as convenient conduit for the certified questions. *In re Byrne Estate,* 98 N.H. 300, 100 A.2d 157; *In re Peterson Estate,* 104 N.H. 508, 190 A.2d 418.

The question of jurisdiction in the present case however does not fall in any such doubtful area, nor do the certified questions relate to the administration of the estate. "The probate court is

not the proper tribunal to finally determine upon the validity of the title of third persons claiming to hold property by deed or gift from the intestate. The rights of the administrator, as against such third persons, can only be determined in a court of common law or a court of equity." *Cross* v. *Brown,* 51 N.H. 486, 488; *Rockwell* v. *Dow,* 85 N.H. 58, 67, 154 A. 229, 234. *Patten* v. *Patten,* 79 N.H. 388, 109 A. 415. *See Burns* v. *Nolette,* 83 N.H. 489, 144 A. 848.

*Petition dismissed.*

All concurred.