Hillsborough
No. 6517

*In re* HENRY D. MOREY ESTATE

February 28, 1973

*Stein, Gormley & Morrill (Mr. Arthur O. Gormley, Jr.* orally) for Ernest R. Morey.

*Guertin & Widener* and *J. Russell Widener,* by brief, for Francis F. Morey Estate.

GRIFFITH, J. The Probate Court (*Copadis,* J.) certified two questions to this court involving interpretation of the will of Henry D. Morey in accordance with the provisions of RSA 547:30. Included with the reserved case are the will and codicil of Henry D. Morey, a quitclaim deed from Ernest and Noel Morey to Francis F. Morey, and a petition brought by Ernest R. Morey setting forth certain facts and asking that two questions relating to the interpretation of the will and quitclaim deed be certified to this court. It appears from the reserved case that the parties intend to have the petition and attached will, codicil, and deed treated as an agreed statement of facts.

Henry D. Morey died in 1932 and left his wife Josephine the use of all his estate for life. He provided for certain monetary bequests to two daughters and a son Albert after her death. Finally he bequeathed and devised the residue in equal shares to his sons Francis E., Noel C., and Ernest Morey, "or the survivors of them if any should be deceased without issue." The codicil provided that in the event one of the daughters predeceased the life tenant her bequest should be divided among the four sons.

The questions asked in the petition are not "model forms of unimpeachable clarity" (*see Geers v. Geers,* 95 N.H. 316, 317, 63 A.2d 244, 245 (1949)) but we leave their explanation until later and consider first the question of jurisdiction. Unlike *In re Bunker Estate,* 110 N.H. 285, 266 A.2d 114 (1970), the parties concerned are before the court and the facts agreed to, though meager, appear sufficient to determine the questions of law transferred under RSA 547:30. Accordingly we do not propose to inquire further into the question of jurisdiction but deem it expedient to treat the probate court here as a convenient conduit for the certified questions of law. *In re Byrne Estate,* 98 N.H. 300, 100 A.2d 157 (1953); *In re Peterson Estate,* 104 N.H. 508, 190 A.2d 418 (1963).

The questions transferred arise out of a claim by petitioner Ernest R. Morey that Ernest, Noel and Francis did not take

an indefeasible vested interest in their shares of the estate of Henry upon the death of the life tenant in 1935. The first question asks if there was not a devise over to Ernest and Noel of the share of Francis when he died in 1967 without issue. The second question asks if the quitclaim deed of Ernest and Noel to Francis in 1942 estops the grantors from claiming the real estate thus transferred.

The petitioner urges that upon the death of the life tenant the three brothers took a joint life estate in the remainder with an executory devise to the survivors in the event of a brother's death without issue. Previous New Hampshire cases have considered claims of this nature and noted that before a court would hold such an uncommon estate created, "clear and unambiguous language" would have to be used. *Mulvanity v. Nute,* 95 N.H. 526, 68 A.2d 536 (1949); *In re Woods Estate,* 102 N.H. 59, 149 A.2d 865 (1959).

Although not cited in either brief, these two cases appear relevant to the questions transferred *In re Woods Estate supra* involved a residuary bequest to a daughter and sister with the proviso "In case of the death of either . . . I give, bequeath and devise the share of the decedent to the survivor." After noting that the law favored the early vesting of interests *(Merchants &c. Bank v. Curtis,* 98 N.H. 225, 230, 97 A.2d 207, 211 (1953)) the court held that the words "In case" referred to death of either devisee before that of the testatrix. "Since death is certain there seems no point in using the words 'In case' unless they were intended to refer to the death of either of the devisees before that of the testatrix." *In re Woods Estate,* 102 N.H. at 60, 149 A.2d 866. In the present case the words "if any should be deceased without issue" is an implied reference to the death of a devisee before the death of the life tenant. *See* RSA 477:18; Annot., 51 A.L.R.2d 918 (1957); Annot., 114 A.L.R. 4 (1938); Annot., 20 A.L.R.2d 830 (1951); Warren, *Gifts over on Death Without Issue,* 39 Yale L.J. 332 (1930).

In answer to the questions transferred we hold that the three brothers took vested shares in common subject to the life tenancy and subject to being divested by the death of any without issue during the life tenancy. The quitclaim deed to Francis conveyed a fee simple in the property conveyed

to Francis and his heirs. *Upton v. White,* 92 N.H. 221, 29 A.2d 126 (1942).

*Remanded.*

GRIMES, J., concurred in the result; the others concurred.