Probate Court, Hillsborough County
No. 7627

### *In re* ESTATE OF JAMES STAVROU

March 31, 1977

*Peter J. Bourque,* of Manchester, by brief and orally, for the estate.

*Wiggin & Nourie,* of Manchester, and *Hedley G. Pingree, Douglas R. Chamberlain,* and *Kenneth Bouchard (Mr. Bouchard* orally) for Dessie B. Houlne.

MEMORANDUM OPINION

James M. Stavrou died on March 19, 1976, having record title to real estate located in Manchester, subject to a mortgage which has been paid from mortgage insurance on his life. His sister was appointed administratrix and petitioned for a license to sell the real estate, the other assets not being sufficient to pay debts and expenses of the estate. Dessie B. Houlne duly filed a claim as common law widow of the deceased and claimed equitable ownership of the real estate by reason of a resulting trust, and in October 1976, she filed a bill in equity in Hillsborough County Superior Court alleging a resulting trust in her favor in the real estate giving her title thereto. She claims that the granting of the license to sell the property was unlawful while her adverse claim is pending and seeks a stay pending final adjudication of her claim.

It is not for the probate court to decide whether Dessie B. Houlne has an equitable title but is rather a matter for the superior court under its equity jurisdiction. *In re Bunker Estate,* 110 N.H. 285, 266 A.2d 114 (1970). Given the wide discretion vested in it, we cannot say that it was improper for the probate court to grant the petition for a license to sell. *See Badger v. Story,* 16 N.H. 168 (1844). No sufficient reason has been advanced why Dessie B. Houlne cannot protect any interest she may have by attachment of the property under a writ in aid of her bill in equity. RSA 498:16–20.

*Appeal dismissed.*