Rockingham County Probate Court
No. 7716

*In re* ESTATE OF GEORGE H. PAGE

September 30, 1977

*Griffin, Harrington, Brigham & Ritzo* (*Mr. Lindsey R. Brigham* orally), of Portsmouth, for the conservator.

*Devine, Millimet, Stahl & Branch* (*Mr. William S. Gannon* orally), of Manchester, for the plaintiff, Mary B. Page.

DOUGLAS, J. The issue in this case is whether the probate court has jurisdiction to direct a conservator to make payments to her ward's wife and children for their support and the children's educational expenses. The conservator argues that the request for support payments is a domestic relations matter over which the superior court has exclusive jurisdiction. We disagree and find that jurisdiction belongs in the probate court.

On March 26, 1968, the Rockingham County Probate Court appointed Lucille D. Page conservator of the estate of George H. Page. Mrs. Mary B. Page is the ward's wife and mother of two of their children, Daniel and Mary. Mrs. Mary Page and the two children have lived separately from the ward for several years,

but no action for divorce has been taken. Payments for the support and educational expenses of only the children have been voluntarily made by the conservator.

On December 6, 1976, a petition was filed in Rockingham County Probate Court by Mrs. Mary Page, individually and as natural guardian and next friend of Daniel and Mary Page. The petition sought an order from the probate court directing the conservator to make payments for her support and the support and college educational expenses of the two children. The conservator moved to dismiss the petition for lack of subject matter jurisdiction. The Probate Court (*Treat,* J.) denied the motion, finding jurisdiction over conservators to be "both exclusive and original with the Probate Court." The conservator appealed and the probate court certified the questions of law and transferred a reserved case.

 Probate courts have limited jurisdiction; their powers are conferred by statute. *In re Estate of Gay,* 97 N.H. 102, 104, 81 A.2d 841, 842 (1951), *overruled on other grounds, In re Byrne Estate,* 98 N.H. 300, 100 A.2d 157 (1953); *cf. Hayes v. Hayes,* 48 N.H. 219, 229 (1868). The judge of probate has jurisdiction "in relation to the duties by law imposed on such conservators and guardians, and in the management and disposition of the estates of their wards." RSA 547:4. A conservator is "subject to all provisions of law now in force as to guardians, so far as they apply to estates of their wards." RSA 464:18 (Supp. 1975); *accord, Yeaton v. Skillings,* 103 N.H. 352, 355, 172 A.2d 354, 356 (1961). The probate court in which the conservator was appointed has jurisdiction over all proceedings in relation to the ward's estate. *See* RSA 547:10. The duties imposed upon guardians and conservators include applying the income and profits from the ward's estate "for the comfortable maintenance and support of his ward, and his household and family. . . ." RSA 462:4.

 Although the probate court has jurisdiction over the management of an estate under conservatorship, RSA 547:4, it has none over actions involving the person of the ward. *See* RSA 491:7 (Supp. 1975); *compare* RSA 491:7 *with* RSA 547:4. If the plaintiff were seeking a decree of divorce from the ward, the payments she seeks would be ancillary to her actions against the person of the ward and, therefore, within the jurisdiction of the superior court. RSA 491:7 (Supp. 1975). In this case, however, the plaintiff is seeking to enlist the probate court's power to enforce the con-

servator's statutory duty to manage the ward's estate for the maintenance of his family. RSA 462:4. Therefore, we find that jurisdiction of this matter belongs in the probate court. *See Leclerc v. Leclerc*, 85 N.H. 121, 123–24, 155 A. 249, 251 (1931). The conservator's motion to dismiss was properly denied.

The procedural objections by plaintiff need not be decided in light of the holding herein.

*Decree affirmed.*

GRIMES, J., did not sit; the others concurred.