Rockingham County Probate Court
No. 91-151

## *In re* ESTATE OF THOMAS C. O'DWYER

March 13, 1992

*Law Offices of Thomas Morgan*, of Salem (*John F. Troy* on the brief, and *Thomas Morgan* orally), for the Estate of Thomas C. O'Dwyer.

*Frank Hekimian*, of Salem, for Delia O'Dwyer, filed no brief.

*Tyler P. Harwell*, of Berlin, by brief as *amicus curiae*.

### MEMORANDUM OPINION

HORTON, J.   The Rockingham County Probate Court (*Maher*, J.), on an interlocutory transfer without ruling, *see* SUP. CT. R. 9, presents us with the question of whether the probate court has jurisdiction to decide what constitutes a probate asset under RSA 547:3 and part II, article 80 of the New Hampshire Constitution. Although the

question is couched in general terms, we respond in reference to the specific asset under consideration. For the reasons that follow, we answer the question in the negative.

The issue involved in the underlying probate court action is the effect of the divorce of the decedent, Thomas O'Dwyer, on the joint tenancy under which he owned the marital domicile with his ex-wife, Delia O'Dwyer. If the joint tenancy survived the divorce, then the decedent's former wife is the absolute owner of the property, whereas if the divorce decree severed the joint tenancy, some interest in the real estate passed to his estate on his death.

■ The probate court is not a court of general jurisdiction. Its powers are limited to those conferred upon it by statute. *In re Estate of Gay*, 97 N.H. 102, 104, 81 A.2d 841, 842 (1951), *overruled on other grounds by In re Byrne Estate*, 98 N.H. 300, 302, 100 A.2d 157, 159 (1953).

> "Courts of probate are of limited and special jurisdiction, restricted, unless enlarged by statute, to the probate of wills, the administration and settlement of estates, and the distribution thereof among the heirs and legatees, and other like administrative and ministerial acts. . . . [I]n none of the statutes conferring additional and increased jurisdiction upon them . . . do the legislature seem ever to have contemplated investing them with general common law powers, as judicial tribunals."

*Wood v. Stone*, 39 N.H. 572, 574–75 (1859).

■■ RSA 547:3 establishes jurisdiction in the probate court "of the probate of wills, of the granting of administration and of all matters and things of probate jurisdiction relating to the sale, settlement and final distribution of estates of deceased persons." The specific grant of jurisdiction to determine title to real estate is absent, however, from the powers conferred upon the probate court under the statute. Instead, the legislature has granted such jurisdiction to the superior court. RSA 491:7; *see also Mountain Springs Water Co., Inc. v. Godston*, 121 N.H. 408, 410–11, 430 A.2d 180, 181 (1981).

> "In the absence of the necessity of the executor seeking a license to sell the real estate, the probate court has no jurisdiction of the real estate of a decedent. *Weston v. Society*, 79 N.H. 245, 110 A. 137 (1919); *Mansfield v. Holton*, 74 N.H. 417, 68 A. 541 (1907). . . . Decision of the plaintiffs' claim to

the real estate in this case lies solely within the jurisdiction of the superior court. *In re Bunker Estate*, 110 N.H. 285, 266 A.2d 114 (1970); *Rockwell v. Dow*, 85 N.H. 58, 67, 154 A. 229, 234 (1931); *Patten v. Patten*, 79 N.H. 388, 109 A. 415 (1920); *see Patey v. Peaslee*, 101 N.H. 26, 131 A.2d 433 (1957); *cf. In re Morey Estate*, 113 N.H. 84, 301 A.2d 333 (1973)."

*Fleming v. Aiken*, 114 N.H. 687, 690, 327 A.2d 724, 726–27 (1974). Unless and until the legislature chooses to enlarge the probate court's jurisdiction to encompass disputes over the title to real estate, we hold that the probate court has neither such statutory authority, *see* RSA 547:3, nor such common law jurisdiction, *see, e.g.*, *Hayes v. Hayes*, 48 N.H. 219, 229 (1868). Accordingly, we answer the probate court's question in the negative.

*Remanded.*

All concurred.